UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

**DEBORAH HULL**,

    Plaintiff,

vs.

**LONGWATER CHASE CONDOMINIUM ASSOCIATION, INC.**, a Florida Corporation; **STOKES PROPERTY MANAGEMENT & REAL ESTATE, INC.**, a Florida Corporation; **GENE MATTHEW STOKES**, an individual; **BENJAMIN BORSAY**, an individual; and **KATHY BORSAY**, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DEBORAH HULL, by and through undersigned counsel, brings this civil rights action against Defendant LONGWATER CHASE CONDOMINIUM ASSOCIATION, INC., ("Longwater Chase"), STOKES PROPERTY MANAGEMENT & REAL ESTATE, INC., ("Stokes Property Management"), GENE MATTHEW STOKES ("Stokes"), and BENJAMIN BORSAY and KATHY BORSAY, (the "Borsays") (collectively "Defendants"), pursuant to 42 U.S.C. §§ 3604(f)(2) and 42 U.S.C. § 12182(a) and Florida law for damages,

1

declaratory and injunctive relief, attorney's fees and costs from Defendants for their discriminatory practices regarding unlawful policies, illegal restrictions and denial of a reasonable accommodation in the making and approval of a condominium lease.

## PARTIES, JURISDICTION AND VENUE

1. This court has an original jurisdiction over the action pursuant to 28 US.C. §§ 1331 and 1343 for the Plaintiff's claims arising under the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (hereinafter referred to as the "FHA"). And supplemental jurisdiction over Florida Fair Housing Act and breach of contract/-lease claims.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to these causes of action occurred within this judicial district.

3. Plaintiff Deborah Hull ("Plaintiff" or "Ms. Hull,") is or was a resident of Florida, living in Naples, Florida who signed a lease for a condominium unit at the Longwater Chase Condominiums in Sarasota, Florida.

4. Defendant LONGWATER CHASE is a Florida corporation and condominium association organized under the laws of the State of Florida which, pursuant to a recorded declaration, operates or controls the Longwater Chase Condominiums in Sarasota, Florida.

5. Defendant Stokes Property Management is a Florida corporation and licensed community association management and real estate company, with its principal place of business in Sarasota Florida. Upon information and belief, Stokes Property Management manages, and has authority to act on behalf of, and make decisions on behalf of, the Longwater Chase condominiums.

6. Defendant Stokes is an individual, *sui juris*, a licensed community property manager and a qualifying agent for Stokes Property Management. Upon information and belief, Stokes has authority to act on behalf of, and make decisions on behalf of, Stokes Property Management

7. Defendants Benjamin and Kathy Borsay are husband and wife, *sui juris*, and the owners of certain real property, to wit: 4639 Longwater Chase, #120, Sarasota Florida 34235 ("Leased Premises"). As property owners renting their property, the Borsays are obligated to comply with all Florida state and federal laws.

## FACTS AND CASE BACKGROUND

8. In or around March 24, 2021, while Plaintiff was in Sarasota Florida, she met a woman (Elizabeth) who was a resident in Longwater Chase condominiums.

9. The Plaintiff advised Elizabeth that she was looking for a place to rent in Sarasota and having a difficult time finding a place she could afford.

10. Elizabeth advised that she is a neighbor of Defendants Benjamin and Kathy Borsay, who live in Ohio and may be willing to rent their unit to the Plaintiff for the summer.

11. Elizabeth then introduced Plaintiff to the Borsays and the Borsays offered to rent their unit to the Plaintiff for $1,300.00 a month. After some negotiation, the Borsays agreed to rent their unit to the Plaintiff for $900.00 a month.

12. On March 30, 2021 the Borsays and the Plaintiff entered into a written Condo Lease Agreement. A copy of the Lease is attached as Exhibit "A."

13. Pursuant to the Lease agreement, Plaintiff was to take possession of the unit on April 17, 2021.

14. At or about the same time, the Plaintiff completed an application for approval of sale or lease provided by the Longwater Chase Condo Association, Inc., and tendered the $100 application fee.

15. On April 7, 2021, the Borsays dropped off the application and the fee with Defendant Stokes, at the property manager's principal place of business: 3053 51st Street, Sarasota, Florida 34234.

16. Stokes immediately called Plaintiff, complaining in a harsh tone that the address the Borsays dropped off the paperwork and application fee to was his personal residence, and he advised the Plaintiff that her application was

summarily denied because of this personal intrusion and because she had listed that she had a dog.

17. On April 8, 2021, in discussions with the Borsays after the telephone call to the Plaintiff, Stokes advised the Borsays that he required a signed letter from the doctor stating that the dog was an emotional support animal ("ESA"). Plaintiff complied.

18. Despite sufficient evidence that the Plaintiff had a medical condition which allowed or required the use and support of an ESA, the Defendants refused to allow her to rent a unit in the Longwater Chase condominium complex.

**COUNT I**
**VIOLATION OF U. S. FAIR HOUSING ACT**
**(42 U.S.C. §§ 3604(f)(2) and (3))**

Plaintiff realleges and reincorporates the allegations in paragraphs 1 through 17 above as though fully set forth.

19. It is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter.

20. It is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person.

21. It is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling by a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

22. An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than two (2) years after the occurrence or the termination of an alleged discriminatory housing practice.

23. In a civil action, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate).

24. In a civil action, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs.

**WHEREFORE**, Plaintiff respectfully requests the Court (1) to enter a declaratory judgment pursuant to Fed. R. Civ. P. 57, stating Defendants' denial of reasonable accommodation to Ms. Hull has subjected Ms. Hull to discrimination

in violation of the FHA, 42 U.S.C. §§ 3604(f)(2) and (3); (2) to permanently enjoin Defendants, its members and its successors from its discriminatory practices and procedures against Ms. Hull based on her disability, denying her equal enjoyment of her rental home at her own expense; (3) to award Ms. Hull actual damages for the diversion of her resources and frustration of mission caused by Defendants' unlawful practices; (4) to award her compensatory damages; (5) to award Plaintiff punitive damages against Defendants for the suffered harm and the violations of the FHA; (6) to award Plaintiff reasonable attorney's fees and costs; (7) to require Defendants to develop a clear and fair housing policy on approving reasonable accommodations to disabled homeowners and tenants at their own expense; and (8) all other relief this Court deems just and proper.

## COUNT II
## VIOLATION OF FLORIDA FAIR HOUSING ACT ("FFHA")
### (§ 760.27, Fla. Stat., Emotional Support Animals)

Plaintiff realleges and reincorporates the allegations in paragraphs 1 through 17, above as though fully set forth.

25. To the extent required by federal law, rule, or regulation, it is unlawful to discriminate in the provision of housing to a person with a disability or disability-related need for, and who has or at any time obtains, an emotional support animal.

26. A person with a disability or a disability-related need must, upon the

7

person's request, be allowed to keep such animal in his or her dwelling as a reasonable accommodation in housing, and such person may not be required to pay extra compensation for such animal.

27. Notwithstanding the authority to request information, a housing provider may not request information that discloses the diagnosis or severity of a person's disability or any medical records relating to the disability.

28. An aggrieved person may commence a civil action no later than two (2) years after an alleged discriminatory housing practice has occurred.

29. If the court finds that a discriminatory housing practice has occurred, it shall issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including injunctive and other equitable relief, actual and punitive damages, and reasonable attorney's fees and costs.

30. The Defendants' individual actions, as stated above, constitute violations of the Florida Fair Housing Act.

31. As a result of the Defendants' actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully requests the Court (1) to enter a judgment against the Defendants, including declaratory relief, stating Defendants' denial of a reasonable accommodation to Ms. Hull and have subjected Ms. Hull to discrimination in violation of the FHA; (2) that Defendants are permanently enjoined, itself, its members and its successors, from its discriminatory practices

and procedures against Ms. Hull based on her disability, denying her equal enjoyment of the Leased Premises at her own expense; (3) to award Ms. Hull actual damages for the diversion of her resources and frustration of mission caused by Defendants' unlawful practices; (4) to award her compensatory damages; (5) to award Plaintiff punitive damages against Defendants for the suffered harm and the violations of the FHA; (6) to award Plaintiff reasonable attorney's fees and costs; (7) to require Defendants to develop a clear and fair housing policy on approving reasonable accommodations to disabled homeowners and tenants at their own expense; and (8) all other relief this Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT/LEASE

Plaintiff realleges and reincorporates the allegations in paragraphs 1 through 17, above as though fully set forth.

32. The Borsays entered into a written Lease with the Plaintiff on or about March 30, 2021 for the Leased Premises, which tenancy was to begin on or about April 17, 2021.

33. The Plaintiff timely performed all of her obligations under the Lease, yet was denied access and the right to occupy the Leased Premises.

34. The Borsays have breached the Lease by failing to perform. As a result, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, requests the Court enter judgment against the Borsays for breach of contract/lease and award all actual and compensatory damages, attorney's fees and costs pursuant to the express terms of the lease and any and all other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated:  March 29, 2022.                    Respectfully submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida    33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com eservice@reinerslaw.com

By: _____
     **DAVID P. REINER, II, ESQ.**; FBN 416400

*W:\700\73150 - FHA Claim\73150-COMPLAINT-Final.docx*